IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS,
HOUSTON DIVISION

| | | |
|---|---|---|
| I.M. by his next friend M.M., § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| v. § | Civil Action No. _____ | |
| § | | |
| HOUSTON INDEPENDENT § | JURY DEMANDED | |
| SCHOOL DISTRICT, BELINDA G. § | | |
| SWEARER, § | | |
| Defendants. § | | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF THE SOUTHERN DISTRICT OF TEXAS COURT:

COMES NOW I.M.,[1] by and through his next friend and natural mother, M.M., and files this his Original Complaint against Houston Independent School District and Belinda G. Swearer for violation of his rights and, in support thereof, would respectfully show as follows:

**A. PARTIES**

1. I.M. was a student at César E. Chavez High School in Houston Independent School District at the time of the incidents complained of herein. He was born May 18, 2001.

2. Defendant Houston Independent School District ("HISD") is a local government entity. The defendant can be served with citation by service on Interim Superintendent Grenita Lathan or Board President Sue Deigaard at 4400 West 18th Street, Houston, 77092, Harris County, Texas, or wherever they may be found.

3. Defendant Belinda G. Swearer is an individual and teacher formerly employed

---

[1] Initials are being used to identify Plaintiff due to the sexual nature of the actions of which Plaintiff complains and Plaintiff was a minor at the time the incidents complained of occurred.

by HISD, who served on the Admission, Review and Dismissal committee that oversaw critical elements of I.M.'s education. As a public school teacher at the time of the actions and omissions complained of, Defendant Swearer is a state actor. She may be served with citation at 13911 Stately Ave., Houston, 77034, Harris County, Texas, or wherever she may be found.

### B. JURISDICTION

4. Plaintiff asserts claims pursuant to Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 and 42 U.S.C. § 1983.

5. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 and 1343 because the matters in controversy arise under the Constitution and the laws of the United States.

6. This Court also has jurisdiction to award attorney's fees and costs to the Plaintiff pursuant to 42 U.S.C. §§ 1988 and 2000d, et seq..

### C. VENUE

7. Under 28 U.S.C. § 1391, venue is proper before this Court because the events and omissions giving rise to the Plaintiff's claims occurred in the Southern District of Texas, Houston Division and the defendants reside in this district.

### D. FACTS

8. At all times during the events forming the basis of this complaint, I.M. was a student enrolled at César E. Chavez High School in Houston, Texas, a school in the Houston Independent School District.

9. HISD is a recipient of federal funds.

10. I.M. has significant learning disabilities and has been diagnosed with Intellectual Disability and Other Health Impairment. He functions on a kindergarten or first

grade level. I.M. has extremely low social skills compared with others at the same age level. I.M. attended HISD schools for his entire education.

11. HISD's Admission, Review and Dismissal ("ARD") committee was responsible for developing an Individualized Education Program ("IEP") for I.M. setting forth policies and procedures to govern HISD's actions and care with respect to I.M. Defendant Swearer and other responsible HISD officials, as appointed members of the ARD committee, met with I.M. and his parent to discuss his needs and develop the plan, policies, and procedures set forth in the IEP. The IEP in place at the time of the incidents made the basis of this suit was developed on November 9, 2017. Under that IEP, I.M. was to be supervised and accompanied when transitioning between classes and when going to the restroom. The ARD committee members were aware of I.M.'s significant disabilities, specifically discussed the need for precautions like supervision during transition and explicitly included such precautions as a requirement in I.M.'s IEP.

12. Defendant Swearer was instrumental in developing this policy and was one of I.M.'s teachers who exercised authority over I.M. daily.

13. During 2018, I.M. was sexually harassed and assaulted by another student, "O." on at least three occasions in the restroom at school. Among other acts, O.'s assault of I.M. included oral sex and fondling. I.M. told Defendant Swearer of the assaults, but neither Defendant Swearer nor any other HISD official initiated an investigation or took any action to prevent the harassment and assaults from continuing. Defendant Swearer and other HISD officials, instead, allowed I.M. to continue to be assaulted. Defendant Swearer interacted with I.M. on a daily basis and was specifically responsible for implementing the protocol set out in I.M.'s IEP by the ARD committee. Defendant Swearer and other HISD personnel acted with

deliberate indifference to the invasion of I.M.'s bodily integrity and continued to allow I.M. to go to the restroom unaccompanied, despite being aware I.M. required supervision and that the lack of supervision put I.M. at high risk of assault.

14. The repeated assault was only brought to the attention of I.M.'s parents when a teacher discovered I.M. in a restroom stall with O., with both of their genitals exposed, on April 13, 2018.

15. The Assistant Principal, Ms. Bensch, and Defendant Swearer informed I.M.'s parents of the incident in a meeting on April 13, 2018. Ms. Bensch and Defendant Swearer informed I.M.'s parents that O. had stated he asked I.M. to join him in the bathroom stall and had instructed I.M. on what to do. O. was sent home with his parent for the rest of that day.

16. After being informed of the incident, I.M.'s parents took him for physical and psychological examinations, where it was determined that the sexual assault was repeated and had occurred for at least several weeks.

17. I.M., when asked by his parents about the incident, indicated that O. had anally penetrated him.

18. If the directives in I.M.'s IEP had been followed, I.M. would not have been unaccompanied in the restroom and this repeated exposure to his assailant would not have been possible. However, Defendant Swearer and other HISD officials acted with deliberate indifference when they refused to follow the IEP directives and allowed I.M. to continue to go to the restroom unaccompanied, particularly after I.M. told Defendant Swearer of O.'s assaults.

19. After the incidents, I.M.'s teachers and parents noticed a regression in I.M.'s learning and a change in his behavior.

### E. CLAIM FOR RELIEF PURSUANT TO TITLE IX

20. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

21. Title IX of the Educational Acts of 1972 provides, in part, that:

> No person in the United States shall, on the basis of gender, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving federal financial assistance.

20 U.S.C. § 1681.

22. HISD was aware of O.'s sexual assault of I.M.. I.M. informed his teacher and ARD committee policymaker, Defendant Swearer, of O.'s actions.

23. I.M.'s harasser was a fellow student under HISD's control.

24. I.M. was assaulted on the basis of his sex.

25. O.'s harassment of I.M. was so severe that it caused I.M. to regress in his learning and life skills. Further, O.'s assault and harassment of I.M. continued unimpeded due to HISD's deliberate indifference to I.M.'s bodily integrity and in failing to supervise I.M. despite knowledge that such supervision was needed.

26. Acting with deliberate indifference, HISD took no steps to prevent the assault and harassment of I.M., despite having knowledge of the assault and harassment of I.M. and having the specific responsibility to ensure I.M. was not alone in the restroom.

27. As a result of HISD's action or failure to act, I.M. regressed in his learning and has suffered significant damage.

### F. CLAIM FOR RELIEF PURSUANT TO 42 U.S.C. § 1983
### *SUBSTANTIVE DUE PROCESS*

28. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

29. I.M. has a liberty interest in his bodily integrity.

30. HISD and Swearer had supervisory power over I.M. and O.

31. HISD personnel, including Defendant Swearer, created a policy with respect to I.M.'s education, were responsible for carrying it out, and were aware of O.'s harassment and assault of I.M., yet failed to take any action to prevent further harassment and assaults.

32. The actions and omissions of HISD officials, including Defendant Swearer, who were responsible for creating policies related to I.M.'s education, placed I.M. at a known and obvious substantial risk of serious, immediate and proximate harm, created a dangerous environment and violated I.M.'s right to bodily integrity, in failing to provide supervision for I.M. as required by the IEP.

33. HISD officials, including Defendant Swearer, acted with deliberate indifference in failing to investigate or report O.'s behavior towards I.M. and failing to supervise I.M. pursuant to the IEP, thereby enabling the brutal and demeaning intrusion into I.M.'s personal security, allowing him to be repeatedly assaulted. Defendants could have easily taken such actions to protect I.M.'s rights as the supervision of I.M. was already deemed to be part of Defendants' plan. Defendants' actions deprived I.M. of his liberty interest in violation of his right to substantive due process as guaranteed by the 14th Amendment to the U.S. Constitution.

34. Defendants' actions and omissions as described above are, when viewed in their totality, shocking to the conscience.

35. As a result of HISD's and Swearer's actions or failure to act, I.M. suffered significant damage.

## G. DAMAGES

36. As a direct and proximate result of defendant's conduct, plaintiff suffered the following injuries and damages:

    a. Medical expenses in the past and future.

    b. Physical pain and mental anguish in the past and future.

## H. ATTORNEY FEES & COSTS

37. Plaintiff is entitled to an award of attorney fees and costs under 42 U.S.C. §§ 1988 and 2000d, et seq.

## I. JURY DEMAND

38. Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, hereby requests a trial by jury of any issues so triable by right.

## J. PRAYER

For these reasons, Plaintiff prays that:

    a. Defendants be cited to appear and answer;

    b. Plaintiff be awarded actual and special damages;

    c. Plaintiff be awarded just, fair, equitable and reasonable attorneys' fees;

    d. Plaintiff recover all costs of court and applicable post-judgment interest on any damages and attorneys' fees awarded; and

    e. Plaintiff have such other and further relief both at law and in equity to which he may show himself justly entitled.

[Signature block on following page]

                        Respectfully submitted,

                        FELDMAN & FELDMAN, P.C.

                        */s/ Cris Feldman*
                        Cris D. Feldman
                        Federal Bar No. 712459
                        State Bar No. 24012613
                        cris.feldman@feldman.law
                        3355 West Alabama Street, Suite 1220
                        Houston, Texas 77098
                        Phone: (713) 986-9471
                        Facsimile: (713) 986-9472
                        ATTORNEYS FOR PLAINTIFFS

OF COUNSEL:
Shannon Almes
Federal Bar No. 2914975
State Bar No. 24094957
shannon.almes@feldman.law
Feldman & Feldman, P.C.
3355 West Alabama Street, Suite 1220
Houston, Texas 77098
Phone: (713) 986-9471
Facsimile: (713) 986-9472