IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| I.M. by his next friend M.M., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-20-3453 |
| | § | |
| HOUSTON INDEPENDENT SCHOOL DISTRICT, *et al.*, | § | |
| | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND OPINION**

This sad case alleges sexual assaults of an intellectually disabled high-school student, I.M., by another student in a school bathroom. The plaintiff, the child's parent, alleges that the school knew of I.M.'s cognitive and emotional deficits—he functions at a kindergarten or first-grade level with extremely low social skills. Based on those deficits, the school assigned I.M.'s teacher, Belinda Swearer, to escort and supervise him between classes and when going to the bathroom. In 2018, another student repeatedly sexually assaulted I.M. in a bathroom. Even after I.M. allegedly told Swearer about the assaults, no action was taken. The assaults continued for several weeks, until another teacher found I.M. and the other student in a bathroom stall with their genitals exposed.

The amended complaint asserts a Title IX claim against HISD and a § 1983 claim against Swearer. (Docket Entry No. 23). The defendants have moved to dismiss the amended complaint, the plaintiff responded, and the defendants replied. (Docket Entry Nos. 24, 26, 27). Based on the amended complaint; the motion, response, and reply; and the applicable law, the court grants in part and denies in part the motion to dismiss. The reasons are explained below.

## I. Background

The facts are drawn from the plaintiff's amended complaint, with the well-pleaded factual allegations accepted as true for this motion.

During the 2017-2018 school year, I.M. was a 16-year-old student attending HISD's Cesar E. Chavez High School. (Docket Entry No. 23 at ¶ 1). I.M. has significant learning disabilities, functions on a kindergarten or first-grade level, and has extremely low social skills. (Docket Entry No. 23 ¶ 10). The amended complaint alleges that "HISD officials," including Swearer, I.M.'s teacher, determined that I.M. needed to be supervised and accompanied when he was transitioning between classes and when going to the bathroom. (Docket Entry No. 23 at ¶ 11). The amended complaint also alleges that Swearer exercised supervisory responsibilities and authority over both I.M. and Student O. (Docket Entry No. 23 at ¶¶ 11–12).

Sometime in 2018, I.M. was sexually harassed and assaulted by Student O. on at least three occasions in a school bathroom. (Docket Entry No. 23 at ¶ 13). I.M. allegedly told Swearer of the assaults each time they occurred, but neither Swearer nor any other HISD official initiated an investigation or took any action to prevent the assaults from continuing. *Id*. The amended complaint also alleges that Swearer, after learning of the assaults, continued to allow I.M. to go to the bathroom unaccompanied. (Docket Entry No. 23 ¶ 14). The amended complaint does not provide details of what I.M. told Swearer or identify any other "HISD officials" by name. (*See generally* Docket Entry No. 23).

Swearer and "other HISD officials" were allegedly aware of the concerns I.M.'s parents had about his safety and well-being at school, but no one informed I.M.'s parents of the assaults until another HISD employee found I.M. in a bathroom stall with Student O. on April 13, 2018.

(Docket Entry No. 23 at ¶ 15). I.M.'s school performance and behavior regressed after the assaults. (Docket Entry No. 23 at ¶ 19).

## II. Legal Standard

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

To withstand a Rule 12(b)(6) motion, a complaint must include "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Lincoln v. Turner*, 874 F.3d 833, 839 (5th Cir. 2017) (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (alteration in original) (quoting *Twombly*, 550 U.S. at 557). "A complaint 'does not need detailed factual allegations,' but the facts alleged 'must be enough to raise a right to relief above the speculative level.'" *Cicalese v. Univ. Tex. Med. Branch*, 924 F.3d 762, 765

3

(5th Cir. 2019) (quoting *Twombly*, 550 U.S. at 555). "Conversely, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (alterations omitted) (quoting *Twombly*, 550 U.S. at 558).

A court reviewing a motion to dismiss under Rule 12(b)(6) may consider "(1) the facts set forth in the complaint, (2) documents attached to the complaint, and (3) matters of which judicial notice may be taken under Federal Rule of Evidence 201." *Inclusive Cmtys. Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 900 (5th Cir. 2019).

### III.  Analysis

#### a.  The Section 1983 Claim

HISD first argues that the plaintiff cannot state a claim against HISD under § 1983. In response, the plaintiff points out that the amended complaint does not assert a § 1983 claim against HISD, as opposed to individual HISD employees. The motion to dismiss a § 1983 claim against HISD is denied as moot.

Swearer moves to dismiss the § 1983 claim against her, first, for insufficient pleading, and second, because of qualified immunity. "To state a Fourteenth Amendment due process claim under § 1983, 'a plaintiff must first identify a protected life, liberty or property interest and then prove that governmental action resulted in a deprivation of that interest.'" *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (quoting *Baldwin v. Daniels*, 250 F.3d 943, 946 (5th Cir. 2001)). "The right to be protected by the state from private violence is limited and rests on substantive due process." *Doe v. Columbia-Brazoria Indep. Sch. Dist.*, 855 F.3d 681, 688 (5th

Cir. 2017) (citing *Doe ex rel. Magee v. Covington Cty. Sch. Dist. ex rel. Keys*, 675 F.3d 849, 853 n.2 (5th Cir. 2012) (en banc)); *see DeShaney v. Winnebago Cty. Dep't of Soc. Servs.*, 489 U.S. 189, 197 (1989).

"The doctrine of qualified immunity protects government officials from civil damages liability when their actions could reasonably have been believed to be legal." *Brinsdon v. McAllen Indep. Sch. Dist.*, 863 F.3d 338, 347 (5th Cir. 2017) (quoting *Morgan v. Swanson*, 659 F.3d 359, 370 (5th Cir. 2011) (en banc)). "This immunity protects 'all but the plainly incompetent or those who knowingly violate the law.'" *Swanson*, 659 F.3d at 371 (quoting *Malley v. Briggs*, 45 U.S. 335, 341 (1986)). Once a defendant has asserted qualified immunity, the plaintiff must prove that the defendant "(1) 'violated a statutory or constitutional right, and (2) that the right was clearly established at the time of the challenged conduct.'" *Brinsdon*, 863 F.3d at 347 (quoting *Swanson*, 659 F.3d at 371). The court may begin by analyzing either qualified-immunity step. *See Pearson v. Callahan*, 555 U.S. 223, 236–42 (2009).

The "failure to protect an individual against private violence simply does not constitute a violation of the Due Process Clause," unless the state has created "a 'special relationship' with a particular citizen, requiring the state to protect him from harm." *Covington*, 675 F.3d at 855–56 (quoting *Deshaney*, 498 U.S. at 199–200). "The situations in which the state assumes a duty of care sufficient to create a special relationship are strictly enumerated and the restrictions of each situation are identical." *Id*. at 859. "In the circumstances of incarceration, involuntary institutionalization, and foster care, the state has, through an established set of laws and procedures, rendered the person in its care completely unable to provide for his or her basic needs and it assumes a duty to provide for these needs." *Id.*

5

"[A] public school does not have a . . . special relationship with its students requiring the school to ensure the students' safety from private actors." *Id*. at 857; *see, e.g*., *Patel v. Kent Sch. Dist.*, 648 F.3d 965, 973–74 (9th Cir. 2011) (there is no special relationship between a school and intellectually disabled students). "Public schools do not take students into custody and hold them there against their will in the same way that a state takes prisoners, involuntarily committed mental health patients, and foster children into its custody." *Covington*, 675 F.3d at 857–58. The "parents remain the primary source for the basic needs of their children." *Id.* at 859 (alteration omitted) (quoting *Doe v. Hillsboro Indep. Sch. Dist*., 113 F.3d 1412, 1415 (5th Cir. 1997)); *see also Hernandez v. Fort Bend ISD*, No. CV H-19-915, 2019 WL 1934674, at *7 (S.D. Tex. May 1, 2019).

The amended complaint does not plead facts plausibly alleging a special relationship between I.M. and Swearer, the school official. The Fifth Circuit has noted, but not adopted, a "state-created danger" exception to the special-relationship rule. *See Hernandez*, No. CV H-19-915, 2019 WL 1934674, at *8 (collecting cases). The exception requires that the state official "used [his or her] authority to create a dangerous environment for the plaintiff" and "acted with deliberate indifference to the plight of the plaintiff." *Covington*, 675 F.3d at 865; *see also S.M. v. Sealy Indep. Sch. Dist*., No. CV H-20-705, 2021 WL 1599388, at *9 (S.D. Tex. Apr. 23, 2021). The amended complaint alleges that I.M. informed Swearer about Student O.'s assaults, and that she nevertheless continued to leave him unattended, allowing the assaults to take place. This may be sufficient to allege a state-created danger exception to the special-relationship requirement, but the Fifth Circuit has repeatedly declined to recognize that exception. *See, e.g.*,

*Est. of Lance v. Lewisville Indep. Sch. Dist.*, 743 F.3d 982, 1001 (5th Cir. 2014); *Covington*, 675 F.3d at 865.

The amended complaint does not plausibly allege a special relationship between I.M. and Swearer. Qualified immunity precludes a state-created-danger theory because when Swearer failed to respond to I.M.'s report of abuse, there was no clearly established law that held her responsible for a state-created danger. *See Morrow v. Meachum*, 917 F.3d 870, 874 (5th Cir. 2019) (a law is clearly established only if the "relevant precedent" places the "constitutional question beyond debate" (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011)).

The motion to dismiss the Section 1983 claim is granted.

**B.     The Title IX Claim**

HISD also moves to dismiss the Title IX claim against it on the ground that the amended complaint failed to plead that an HISD principal or assistant principal knew of the sexual attacks and failed to take appropriate action. The amended complaint alleges that I.M. was assaulted by another student and that Swearer, the teacher assigned to watch I.M., had the authority to take corrective action with respect to both I.M. and the student attacking him. The amended complaint alleges that I.M. told the Swearer of the assaults after she failed to carry out her assigned duty of staying with I.M. to prevent problems he might encounter if left unsupervised during the school day. HISD's argument is that Swearer, as the teacher assigned to accompany I.M. to the bathroom, and to whom I.M. reported the first sexual assaults, was not a person with authority to take corrective action. Her knowledge, HISD argues, therefore cannot be a basis for its liability.

To state a claim under Title IX for student-on-student harassment, a plaintiff must allege that a funding recipient is: (1) deliberately indifferent to the sexual harassment or assault; (2) of which the recipient has actual knowledge; and (3) that the harassment or assault is "so severe, pervasive, and objectively offensive that it can be said to deprive the victim of access to the educational opportunities or benefits provided by the school." *Davis v. Monroe Cty. Bd. of Educ.*, 526 U.S. 629, 650 (1999). A school official who has authority to address the alleged discrimination and to institute corrective measures on the school's behalf must have actual knowledge of the harassment directed at the plaintiff. *Gebser v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274, 290 (1998). "As for actual notice, it is not enough the misconduct is reported to *any* employee. The reported-to employee must at a minimum have authority to institute corrective measures on the district's behalf." *Doe v. Edgewood Indep. Sch. Dist.*, 964 F.3d 351, 356 (5th Cir. 2020) (emphasis in original) (internal quotation marks and brackets omitted); *see also E.M. v. Austin Indep. Sch. Dist.*, 770 F. App'x 712, 713 (5th Cir. 2019) (same). Most courts that have considered the issue in a high-school setting have concluded that an "appropriate person" to notify for Title IX purposes is the school principal or assistant principal. *See, e.g.*, E*.M. by J.M. v. Austin Indep. Sch. Dist.*, No. A-17-CA-387 LY, 2018 WL 627391, at *6 & n.5 (W.D. Tex. Jan. 30, 2018) (courts agree that a principal is an "appropriate person" under Title IX's requirements); *S.M. v. Sealy Indep. Sch. Dist.*, No. CV H-20-705, 2021 WL 1599388, at *5 (S.D. Tex. Apr. 23, 2021) (an assistant principal was an "appropriate person" under Title IX's requirements).

Although school principals and assistant principals are usually the school officials who have the authority to take corrective action against students for student-on-student sexual

assaults, they are not the only officials who can have that authority. *See* 34 C.F.R. § 106.30(a) ("Actual knowledge [for Title IX discrimination] means notice of sexual harassment or allegations of sexual harassment . . . to any employee of an elementary and secondary school."). The amended complaint sufficiently alleged that Swearer was authorized to take corrective action to prevent Student O. from repeatedly assaulting I.M. The complaint alleges that Swearer had authority over both I.M. and O.; controlled and supervised I.M.'s trips to the bathroom where the assaults took place; and "served on the committee that oversaw critical elements of I.M.'s education." (Docket Entry No. 23 ¶¶ 3, 12–14). The complaint alleges that Swearer knew of the assaults and did nothing. (*Id.* ¶¶ 13, 15).

"Determining whether someone is an official with authority to institute corrective measures is a fact-specific inquiry." *Edgewood Indep. Sch. Dist.*, 964 F.3d at 360. The fact that Swearer was a teacher, rather than a school administrator, does not preclude, as a matter of law, finding that she is an "appropriate" HISD employee with the authority needed to make HISD liable. *See, e.g.*, *Rosa H. v. San Elizario Indep. Sch. Dist.*, 106 F.3d 648, 660 (5th Cir. 1997) ("We do not wish to restrict the applicability of our [Title IX] analysis by keying liability to certain job titles within the school system."); *Plamp v. Mitchell Sch. Dist.* No. 17-2, 565 F.3d 450, 457 (8th Cir. 2009) (declining to "hold that school guidance counselors and teachers are always without the authority necessary to institute corrective measures or lack sufficient control to take remedial action"). HISD is not entitled to dismissal of the Title IX claim because the school official who allegedly knew about the sexual assaults was not a principal or assistant principal.

## IV. Conclusion

The § 1983 claim against Swearer is dismissed. The Title IX claim against HISD proceeds.

SIGNED on June 3, 2021, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge